UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EUGENE SMALLS, : | |
| Petitioner : | CIVIL ACTION NO. 3:21-1352 |
| v. : | (JUDGE MANNION) |
| WARDEN HERMAN QUAY, : | |
| Respondent : | |

## MEMORANDUM

Petitioner, Eugene Smalls, an inmate confined in the Allenwood United States Penitentiary, White Deer, Pennsylvania, filed the above captioned petition for writ of habeas corpus, pursuant to 28 U.S.C. §2241. (Doc. 1). Smalls challenges the Federal Bureau of Prisons' ("BOP") prior custody credit determination and the fact that he believes his federal sentence should be concurrent as opposed to consecutive to his state sentence. Id. For relief, Petitioner seeks to have his federal and state sentence run concurrent and credit for twenty-five (25) years he served in state custody. Id. A response (Doc. 9) and traverse (Doc. 15) having been filed, the petition is ripe for disposition. For the reasons that follow, the Court will deny the petition for writ of habeas corpus.

I. **Background**

Smalls' federal sentence stems from an operation importing cocaine into the United States from the Virgin Islands. United States v. Smalls, No. 96-4933, 1997 WL 626534, at *1 (4th Cir. Oct. 10, 1997). After a jury in the Eastern District of Virginia convicted petitioner of various drug trafficking offenses, on December 6, 1996, United States District Judge Rebecca Beach Smith sentenced petitioner to life imprisonment. Id. On October 10, 1997, Petitioner's conviction and sentence was affirmed. Id.

On May 28, 2015, Judge Smith reduced Petitioner's sentence, pursuant to 18 U.S.C. §3582(c)(2), from life imprisonment to 405 months imprisonment. (Doc. 9-1 at 17, Order).

On October 26, 2017, Smalls filed a motion for sentence reduction based on Amendments 776 and 802 to the United States Sentencing Guidelines. United States v. Smalls, No. 2:96CR131-001, 2017 WL 10087888, at *1 (E.D. Va. Nov. 30, 2017), aff'd, 719 F. App'x 307 (4th Cir. 2018). Specifically, Petitioner requested the court run his federal sentence of 405 months imprisonment concurrently with his previously-imposed state sentence of ninety (90) years imprisonment, arguing that both offenses involved the same underlying relevant conduct. Id. By Order dated,

November 30, 2017, the sentencing court determined that Petitioner's "federal sentence should be consecutive to his state sentence and specifically so ordered at sentencing." Id.

On March 3, 2020, Petitioner was pardoned from his Commonwealth of Virginia sentence. (Doc. 1-2 at 11). Petitioner was then taken into federal custody on March 4, 2020. Id. His projected release date via good conduct time is December 7, 2048. (Doc. 9-1 at 5).

On August 3, 2021, Petitioner filed the instant petition in which he once again seeks to have his state and federal sentences run concurrently pursuant to U.S.S.G. §5G1.3 as well as to receive credit for twenty-five (25) years he served in state custody. (Doc. 1).

II.   **Discussion**

  A. **Lack of jurisdiction over U.S.S.G. §5G1.3 claim**

Federal prisoners seeking post-conviction relief from their judgment of conviction or the sentence imposed are generally required to bring their collateral challenges pursuant to 28 U.S.C. §2255. See 28 U.S.C. §2255(e). Section 2255(e) provides that:

> An application for a writ of habeas corpus [pursuant to '2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to ['2255], shall not be entertained if it appears that the applicant has failed to apply for relief by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. §2255(e). To that end, the Court of Appeals for the Third Circuit has observed that "[m]otions pursuant to 28 U.S.C. §2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002) (citing Davis v. United States, 417 U.S. 333, 343 (1974)). Section 2255(e) specifically prohibits federal courts from entertaining a federal prisoner's collateral challenge by an application for habeas corpus unless the court finds that a Section 2255 motion is inadequate or ineffective. Okereke, 307 F.3d at 120 (citing In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997)). This safety valve language in Section 2255(e) has been strictly construed. See Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971) (concluding that unfavorable legal standards in circuit where sentencing court was located do not render Section 2255 remedy inadequate or ineffective); Millan-Diaz v. Parker, 444 F.2d 95, 97 (3d Cir. 1971) (concluding that doubts about the administration

of a Section 2255 motion in particular do not make the remedy inadequate or ineffective); United States ex rel. Leguillou v. Davis, 212 F.2d 681, 684 (3d Cir. 1954) (holding that even if the sentencing court incorrectly disposes of a proper motion under Section 2255, the appropriate remedy is an appeal of that decision and not a habeas corpus petition).

Importantly, Section 2255 is not inadequate or ineffective merely because the sentencing court has previously denied relief. Dorsainvil, 119 F.3d at 251. Nor do legislative limitations like statutes of limitation or gatekeeping provisions render the Section 2255 remedy inadequate or ineffective so as to authorize pursuit of a habeas petition in this court. See, e.g., Cradle v. United States, 290 F.3d 536, 539 (3d Cir. 2002); United States v. Brooks, 230 F.3d 643, 647 (3d Cir. 2000); Dorsainvil, 119 F.3d at 251. Rather, only when a prisoner is in the unusual position of having no earlier opportunity to challenge his conviction or "is being detained for conduct that has subsequently been rendered noncriminal by an intervening Supreme Court decision" is Section 2255 "ineffective" for purposes of providing collateral relief. Dorsainvil, 119 F.3d at 251B52.

Smalls seeks to have this Court run his federal and state sentence concurrent, pursuant to U.S.S.G. §5G1.3, a claim that was presented to and

rejected by the sentencing court. Thus, Smalls cannot demonstrate that a §2255 motion is "inadequate or ineffective" and that resort to §2241 is therefore available simply because he has been denied relief by the sentencing court. See Cradle, 290 F.3d at 539. The remedy afforded under §2241 is not an additional, alternative, or supplemental remedy to that prescribed under §2255 and Smalls fails to demonstrate that he falls within the Dorsainvil exception. If a petitioner improperly challenges a federal conviction or sentence under §2241, as is the case here, the petition must be dismissed for lack of jurisdiction. Application of Galante, 437 F.2d 1164, 1165B66 (3d Cir. 1971) see also Savage v. Zickefoose, 446 Fed. App'x. 524, 525-26 (3d Cir. 2011) ("To the extent that [the petitioner] alleged that the sentencing court should have provided for concurrent federal and state sentences under U.S.S.G. §§5G1.3(b) and 5G1.3(c), the District Court properly dismissed his claims for lack of jurisdiction.... We agree with the District Court that [the petitioner's] situation is not the rare one rendering §2255 inadequate or ineffective."); Smart v. Kirby, 436 Fed. App'x. 64, 65-66 (3d Cir. 2011) (holding that the petitioner could not pursue his claim that his federal sentencing court violated U.S.S.G. §5G1.3 in a §2241 habeas petition and finding that §2255's savings clause did not apply).

"The remedy afforded under §2241 is not an additional, alternative, or supplemental remedy to that prescribed under §2255." Dusenbery v. Oddo, No. 17-2402, 2018 WL 372164, at *4 (M.D. Pa. Jan. 11, 2018). Because Petitioner has failed to demonstrate that a §2255 motion is inadequate or ineffective to test the legality of his detention, permitting him to proceed under §2241, the Court will dismiss Petitioner's petition for a writ of habeas corpus under 28 U.S.C. §2241, for lack of jurisdiction.

### B. Credit against Federal sentence

The Attorney General is responsible for computing federal sentences for all offenses committed on or after November 1, 1987, see, 18 U.S.C. §3585; United States v. Wilson, 503 U.S. 329 (1992), and has delegated that authority to the Director of the Bureau of Prisons under 28 C.F.R. §0.96 (1992). See United States v. Brann, 990 F.2d 98, 103-04 (3d Cir. 1993).

Computation of a federal sentence is governed by 18 U.S.C. §3585 and is comprised of a two-step determination: first, the date on which the federal sentence commences and, second, the extent to which credit may be awarded for time spent in custody prior to commencement of the sentence prior custody credit. Section 3585 states, in pertinent part:

> (a) Commencement of sentence. A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) Credit for prior custody. A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences
>
>> (1) as a result of the offense for which the sentence was imposed; or
>>
>> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. §3585. Thus, under 18 U.S.C. §3585(b), prior custody credit cannot be granted if the prisoner has received credit toward another sentence. The United States Supreme Court has made clear that a defendant cannot receive a "double credit" for his detention time. United States v. Wilson, 503 U.S. 329, 337 (1992).

As stated, Smalls was serving a 405-month federal term of imprisonment, which was imposed on December 6, 1996 in the United States District Court for the Eastern District of Virginia. On March 3, 2020, he was

pardoned from his Virginia State sentence. He entered into federal custody on March 4, 2020.

He now requests exactly what §3585(b) forbids: credit for the 25 years he spent serving a prior state sentence. However, such time was, by definition, "credited against another sentence," and it cannot also apply to his federal sentence. See §3585(b). "The principal rationale for disallowing double credit in this circumstance is that the prisoner is not in custody solely because of the pending federal charges, but instead is serving the prior state sentence." Rios v. Wiley, 201 F.3d 257, 275 (3d Cir. 2000).

Accordingly, this Court cannot give credit to Smalls' federal sentence where the time he seeks credit for was credited to his state sentence.

C . **Nunc Pro Tunc Designation**

Petitioner's final argument is that the BOP "could have fixed Small sentence with exercising 'nunc pro tunc'" by having designated his state prison where he was serving his state sentence as a federal facility so that the time spent there could be credited toward his federal sentence, i.e., designating the sentences to run concurrently. (Doc. 1). Petitioner is correct that, in some circumstances, the BOP may designate a state facility as a

place of service for a federal term of imprisonment. That authority, however, is extremely limited to a very narrow set of circumstances:

> If the defendant was in non-federal primary custody at the time the federal sentence was imposed, and the federal sentencing court was silent as to its intent to run the federal sentence concurrently with the non-federal sentence, the prisoner may ask the BOP to exercise its discretion pursuant to 18 U.S.C. §3621(b) to designate the state prison as the place of imprisonment for the federal sentence, effectively making the sentences concurrent. The BOP may implement such a designation *nunc pro tunc*.

See McCarthy v. Warden, No. 12-cv-846, 2013 WL 3943551, *3 (M.D. Pa. July 29, 2013). That limited discretion is eliminated when the district court orders the sentences to run consecutively: "The Bureau will not allow a concurrent designation if the sentencing court has already made a determination regarding the order of service of sentence (e.g., the federal sentencing court ordered the sentence to run consecutively to any other sentence, or custody in operation, during any time in which the inmate requests concurrent designation)." Bureau of Prisons, Program Statement No. 5160.05, "Designation of State Institution for Service of Federal Sentence," at 6-7 (Jan. 16, 2003).

Here, the sentencing court unambiguously stated that Petitioner's federal sentence was to run consecutively with his state sentence. Thus, the

- 10 -

Court can discern no abuse of discretion in the BOP's determination that Petitioner's state and federal sentences should not run concurrently. See United States v. Fortt, 608 F. App'x 88, 89 n.1 (3d Cir. 2015) (noting that the BOP's designations are reviewed by the court for abuse of discretion).

### III. Conclusion

For the reasons stated above, the petition for a writ of habeas corpus will be **DENIED**. A separate Order will be issued.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATED: April 29, 2022**
21-1352-01