**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **EUGENE SMALLS,** | : | |
| **Petitioner** | : | **CIVIL ACTION NO. 3:21-1352** |
| | | **(JUDGE MANNION)** |
| **v.** | : | |
| **WARDEN HERMAN QUAY,** | : | |
| **Respondent** | : | |

**MEMORANDUM**

Petitioner, Eugene Smalls, an inmate confined in the Allenwood United States Penitentiary, White Deer, Pennsylvania, filed the above captioned petition for writ of habeas corpus, pursuant to 28 U.S.C. §2241. (Doc. 1). Smalls challenges the Federal Bureau of Prisons' ("BOP") prior custody credit determination and the fact that he believes his federal sentence should be concurrent as opposed to consecutive to his state sentence. Id. For relief, Petitioner seeks to have his federal and state sentence run concurrent and credit for twenty-five (25) years he served in state custody. Id.

By Memorandum and Order dated April 29, 2022, this Court denied Smalls' petition for writ of habeas corpus. (Docs. 25, 26). Presently before the Court is Smalls' motion for reconsideration of this Court's April 29, 2022 Memorandum and Order, closing the above captioned action. (Doc. 28). For the reasons that follow, the Court will deny the Petitioner's motion.

## II.  Discussion

A motion for reconsideration is a device of limited utility, which may "not be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." Ogden v. Keystone Residence, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002) (citations omitted); see also Baker v. Astrue, Civ. No. 07-4560, 2008 WL 4922015, at *1 (E.D. Pa. Nov. 17, 2008). Rather, a court may alter or amend its judgment only upon a showing from the movant of one of the following: "(1) an intervening change in the controlling law; (2) the availability of new evidence ... or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Cafe v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is appropriate when a court has "patently misunderstood a party or has made a decision outside the adversarial issues presented to the [c]ourt by the parties or has made an error not of reasoning but of apprehension." Rohrbach v. AT&T Nassau Metals Corp., 902 F. Supp. 523, 527 (M.D. Pa. 1995) (quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D.

99, 101 (E.D. Va. 1983)), *vacated in part on other grounds on reconsideration*, 915 F. Supp. 712 (M.D. Pa. 1996). "It may not be used as a means to reargue unsuccessful theories or argue new facts or issues that were not presented to the court in the context of the matter previously decided." Gray v. Wakefield, No. 3:09-cv-979, 2014 WL 2526619, at *2 (M.D. Pa. June 4, 2014); see also Database Am., Inc. v. Bellsouth Adver. & Publ'g Corp., 825 F. Supp. 1216, 1220 (D.N.J. 1993) ("A party seeking reconsideration must show more than a disagreement with the Court's decision, and 'recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden'."). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Continental Cas. Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995).

A review of this Court's Memorandum and Order reveal that Smalls' petition was denied for the following three reasons: (1) Petitioner failed to demonstrate that a §2255 motion is inadequate or ineffective to test the legality of his detention, permitting him to proceed under §2241; (2) this Court can not give credit to Smalls' federal sentence where the time he seeks credit

- 3 -

for was credited to his state sentence; and (3) the Court found no abuse of discretion in the BOP's determination that Petitioner's state and federal sentences should not run concurrently. (Doc. 25).

Petitioner raises the following two issues in this motion for reconsideration:

> 1. The BOP abused its discretion under §3585(b) when it assumed credit was given to Smalls by the state court for completion of 25 year after he received a pardon, effectively denying him credit that was not counted by the State because of a pardon.

> 2. The BOP abused its statutory discretion under 18 U.S. §3621(b) when it rejected Petitioner's *nunc pro tunc* designation solely on the basis of the federal sentencing court's order to run the federal sentence consecutive to the state.

(Doc. 28). Petitioner claims this Court failed to address these issues in its April 29, 2022 Memorandum denying relief. Id. The Court disagrees. As to each issue, the Court found the following:

**B. Credit against Federal sentence**

The Attorney General is responsible for computing federal sentences for all offenses committed on or after November 1, 1987, see, 18 U.S.C. §3585; United States v. Wilson, 503 U.S. 329 (1992), and has delegated that authority to the Director of the Bureau of Prisons under 28 C.F.R. §0.96 (1992). See United States v. Brann, 990 F.2d 98, 103-04 (3d Cir. 1993).

- 4 -

Computation of a federal sentence is governed by 18 U.S.C. §3585 and is comprised of a two-step determination: first, the date on which the federal sentence commences and, second, the extent to which credit may be awarded for time spent in custody prior to commencement of the sentence prior custody credit. Section 3585 states, in pertinent part:

(a) Commencement of sentence. A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

(b) Credit for prior custody. A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences

(1) as a result of the offense for which the sentence was imposed; or

(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence.

18 U.S.C. §3585. Thus, under 18 U.S.C. §3585(b), prior custody credit cannot be granted if the prisoner has received credit toward another sentence. The United States Supreme Court has made clear that a defendant cannot receive a "double credit" for his detention time. United States v. Wilson, 503 U.S. 329, 337 (1992).

As stated, Smalls was serving a 405-month federal term of imprisonment, which was imposed on December 6, 1996 in the United States District Court for the Eastern District of Virginia. On

March 3, 2020, he was pardoned from his Virginia State sentence. He entered into federal custody on March 4, 2020.

He now requests exactly what §3585(b) forbids: credit for the 25 years he spent serving a prior state sentence. However, such time was, by definition, "credited against another sentence," and it cannot also apply to his federal sentence. See §3585(b). "The principal rationale for disallowing double credit in this circumstance is that the prisoner is not in custody solely because of the pending federal charges, but instead is serving the prior state sentence." Rios v. Wiley, 201 F.3d 257, 275 (3d Cir. 2000).

Accordingly, this Court cannot give credit to Smalls' federal sentence where the time he seeks credit for was credited to his state sentence.

## C . Nunc Pro Tunc Designation

Petitioner's final argument is that the BOP "could have fixed Small sentence with exercising '*nunc pro tunc*'" by having designated his state prison where he was serving his state sentence as a federal facility so that the time spent there could be credited toward his federal sentence, i.e., designating the sentences to run concurrently. (Doc. 1). Petitioner is correct that, in some circumstances, the BOP may designate a state facility as a place of service for a federal term of imprisonment. That authority, however, is extremely limited to a very narrow set of circumstances:

> If the defendant was in non-federal primary custody at the time the federal sentence was imposed, and the federal sentencing court was silent as to its intent to run the federal sentence concurrently with the non-federal sentence, the prisoner may ask the BOP to exercise its discretion pursuant to 18 U.S.C. §3621(b) to designate the state prison as the place of imprisonment for the federal sentence, effectively making the sentences

- 6 -

concurrent. The BOP may implement such a designation *nunc pro tunc.*

See McCarthy v. Warden, No. 12-cv-846, 2013 WL 3943551, *3 (M.D. Pa. July 29, 2013). That limited discretion is eliminated when the district court orders the sentences to run consecutively: "The Bureau will not allow a concurrent designation if the sentencing court has already made a determination regarding the order of service of sentence (e.g., the federal sentencing court ordered the sentence to run consecutively to any other sentence, or custody in operation, during any time in which the inmate requests concurrent designation)." Bureau of Prisons, Program Statement No. 5160.05, "Designation of State Institution for Service of Federal Sentence," at 6-7 (Jan. 16, 2003).

Here, the sentencing court unambiguously stated that Petitioner's federal sentence was to run consecutively with his state sentence. Thus, the Court can discern no abuse of discretion in the BOP's determination that Petitioner's state and federal sentences should not run concurrently. See United States v. Fortt, 608 F. App'x 88, 89 n.1 (3d Cir. 2015) (noting that the BOP's designations are reviewed by the court for abuse of discretion).

(Doc. 25). Thus, Petitioner's motion for reconsideration of this Court's April 29, 2022 Memorandum and Order, seeks to reassert the same arguments set forth in Small's petition for writ of habeas corpus and denied by this Court. Accordingly, this Court finds that its Memorandum and Order of April 28, 2021, is not troubled by manifest errors of law or fact and Petitioner has not presented anything new, which if previously presented,

- 7 -

might have affected our decision. Consequently, the motion for reconsideration will be denied.

A separate Order shall issue.

**MALACHY E. MANNION**
**United States District Judge**

**DATED: February 21, 2023**
21-1352-02